**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marlene E. Thrower <br> _Debtor(s)_ | Case No.: 20-22601 CMB |
| Marlene E. Thrower <br> _Plaintiff_ | Adversary Case No.: 20-02060 CMB |
| vs. | CHAPTER 13 |
| The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, and PNC Mortgage, a Division of PNC Bank, National Association <br> _Defendants_ | Related to Doc. No.: 56 |

**STIPULATION TO DETERMINE**
**DISCHARGEABILITY OF DEBT AND TO AVOID SECOND LIEN**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. PNC Mortgage, a Division of PNC Bank, National Association (hereinafter referred to as "Secured Creditor") and Debtor, Marlene E. Thrower (hereinafter referred to as "Debtor"), stipulate that The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank holds a first mortgage on the real property located at 10212 Pearl Road, Penn Hills, PA 15235 (hereinafter referred to as "the Property"), as evidenced by a certain Mortgage dated April 19, 2001, in the principal amount of $41,650.00 and recorded on April 27, 2001, with the Allegheny County Recorder of Deeds on Book 20778, Page 273 (hereinafter referred to as "the First Mortgage").

2. Secured Creditor holds a second mortgage, as evidenced by a certain mortgage dated February 2, 2004, in the principal amount of $15,192.00 and recorded on May 19, 2004, with the Allegheny County Recorder of Deeds as document number 2004-106455 (hereinafter referred to as the "Second Mortgage").

3. The parties stipulate that the Property appears to lack sufficient equity to secure the Second Mortgage.

4. The parties agree that the Second Mortgage shall only be released upon the successful completion of this bankruptcy case and issuance of a discharge order. Should the bankruptcy case be dismissed or converted to another chapter under the Bankruptcy Code, the Second Mortgage will be fully reinstated without further order of this Court.

5. In the event that Secured Creditor forecloses on its First Mortgage security interest on the Property prior to the Debtors' completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, as evidenced by the entry of a discharge order, the Second Mortgage shall be attached to the surplus proceeds from the foreclosure sale for the full amount of the balance due and owing under the loan documents.

6. Further, in the event that the Property is sold, or any mortgage superior in priority to that of the Second Mortgage is refinanced, the lien of the Second Mortgage shall be fully reinstated without further order of this Court.

Consented to by:

| | |
|---|---|
| **/s/ Albert G. Reese, Jr., Esq.** | **/s/ Maria D. Miksich** |
| Albert G. Reese, Jr., Esq., PA ID # 93813 | Maria D. Miksich, Esq., PA ID 319383 |
| Law Office of Albert G. Reese | KML Law Group, P.C. |
| 640 Rodi Road, 2nd Floor, Ste 2 | 701 Market Street, Suite 5000 |
| Pittsburgh, PA 15235 | Philadelphia, PA 19106 |
| Phone: (412) 241-1697 | Phone: (412-430-3589) |
| Email: areese8897@aol.com | Email: mmiksich@kmllawgroup.com |
| Attorney for Debtor | Attorney for Secured Creditor |

It is hereby ORDERED that the parties' Stipulation be and hereby is APPROVED.

By the Court,

_____ J.