**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marlene E. Thrower<br><br>                Debtor<br><br>Marlene E. Thrower<br><br>                Plaintiff<br><br>vs.<br><br>The Bank of New York Mellon f/k/a The Bank of New York, as successor to JPMorgan Chase Bank, and PNC Mortgage, a Division of PNC Bank, National Association<br><br>                Defendants | Case No.: 20-22601-CMB<br><br>Adversary Case No.: 21-02060-CMB<br><br>CHAPTER 13<br><br>Related to Doc. Nos.: 5, 14 and 15 |

**STIPULATION TO DETERMINE**
**DISCHARGEABILITY OF DEBT AND TO AVOID SECOND LIEN**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. PNC Mortgage, a Division of PNC Bank, National Association (hereinafter referred to as "Secured Creditor") and Debtor, Marlene E. Thrower (hereinafter referred to as "Debtor"), stipulate that Secured Creditor holds a second mortgage on the real property located at 10212 Pearl Road, Penn Hills, PA 15235 (hereinafter referred to as "the Property"), as evidenced by a certain mortgage dated February 2, 2004, in the principal amount of $15,192.00 and recorded on May 19, 2004, with the Allegheny County Recorder of Deeds as document number 2004-106455 (hereinafter referred to as the "Second Mortgage").

2. The parties stipulate that the Property appears to lack sufficient equity to secure the Second Mortgage.

3. The parties agree that the Second Mortgage shall be null and void upon the successful completion of the Chapter 13 Plan and issuance of a Chapter 13 discharge order. However, the Second Mortgage shall remain in full effect until that time.

4. In the event that the mortgagee of the first mortgage on the Property, being The Bank of New York Mellon, forecloses on its security interest prior to the Debtor's completion of the Plan and issuance of a discharge order, the Second Mortgage shall attach to the surplus proceeds from the foreclosure sale for the full amount of the balance due and owing under the loan documents and this Stipulation shall be null and void.

5. Further, in the event that the Property is sold, or any mortgage superior in priority to that of the Second Mortgage is refinanced, the lien of the Second Mortgage shall be fully reinstated without further order of this Court.

6. Additionally, nothing in this Stipulation shall be construed as to affecting the rights of The Bank of New York Mellon.

Consented to by:

**/s/ Albert G. Reese, Jr., Esq.**
Albert G. Reese, Jr., Esq., PA ID # 93813
Law Office of Albert G. Reese
640 Rodi Road, 2nd Floor, Ste 2
Pittsburgh, PA 15235
Phone: (412) 241-1697
Email: areese8897@aol.com
Attorney for Debtor

**/s/ Maria D. Miksich**
Maria D. Miksich, Esq., PA ID # 319383
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Phone: (412-430-3589)
Email: mmiksich@kmllawgroup.com
Attorney for PNC Mortgage

It is hereby ORDERED that the parties' Stipulation be and hereby is APPROVED.

FILED
8/23/21 3:17 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

By the Court,

Carlota M. Böhm
Chief United States Bankruptcy Judge

THE CLERK
SHALL CLOSE
THIS
ADVERSARY