IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
*Pittsburgh Division*

| | |
|---|---|
| IN RE: Marlene E. Thrower,<br>Debtor | Case No. 20-22601-CMB<br><br>Chapter 13<br><br>Adversary Proceeding 21-02060 |
| Marlene E. Thrower,<br>    Plaintiff<br><br>vs.<br><br>The Bank of New York Mellon, f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Indenture Trustee for ABFS Mortgage Loan Trust 2001-2, Mortgage-Backed Pass -Through Certificates, Series 2001-2,<br>    Defendant | Hearing Date: 1/25/2022<br><br>Hearing Time: 10:00 am |

**STIPULATION IN SETTLEMENT OF DEBTOR'S COMPLAINT
TO DETERMINE SECURED STATUS**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Defendant, The Bank of New York Mellon, f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Indenture Trustee for ABFS Mortgage Loan Trust 2001-2, Mortgage-Backed Pass -Through Certificates, Series 2001-2, and Albert G. Reese, Jr., Esquire, counsel for the Debtor, as follows:

1. Plaintiff is Marlene E. Thrower, the Debtor in the above-captioned bankruptcy case.

2. Defendant is The Bank of New York Mellon, f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Indenture Trustee for ABFS Mortgage Loan Trust 2001-2, Mortgage-Backed Pass -Through

  Certificates, Series 2001-2, hold the secured mortgagee lien on Debtor's property located at 10212 Pearl Road, Pittsburgh, Pennsylvania 15232 ("Property").

3. Defendant filed an amended proof of claim on January 10, 2020 regarding the first mortgage lien on the Property, listing a total secured claim of $193,721.47. Claim No. 4.

4. On February 23, 2021, the Debtor filed a Complaint To Determine Secured Status on the Debtor's Property. Adversary Proceeding No. 21-02060.

5. The Parties desire to amicably resolve the Adversary Complaint.

**NOW THEREFORE**, the Parties stipulate and agree as follows:

1. The Adversary Matter will be marked "Settled" by the Plaintiff, and closed by the Court.

2. That for purposes of in this bankruptcy, Defendant shall have a secured claim in the amount of $54,000.00 and the remainder of its claim will be treated as unsecured.

3. Plaintiff will pay in full the secured claim amount of $54,000.00 with interest of 4.50% through the Chapter 13 Plan.

4. Plaintiff will also pay Defendant the amount of $751.06 for escrow advances made by Defendant to maintain hazard insurance on the Property since filing of the Proof of Claim.

5. That Plaintiff shall be responsible for all taxes and insurance, and failure to maintain taxes or insurance on the property until the lien is paid in full and discharge entered may result in Defendant filing a motion seeking relief from the stay. Plaintiff is required to provide Defendant proof of insurance and proof of payment of taxes upon demand by Defendant

6. Plaintiff agrees to reimburse Defendant for any escrow advances Defendant is required to disburse, including but not limited to, Defendant's continued payment of hazard insurance which Defendant is currently disbursing monthly to maintain coverage. The Parties further agree that if Plaintiff provides proof of insurance, Defendant will cancel its policy and discontinue any further advancements for insurance coverage.

7. All other terms of the Mortgage and Note not directly altered by this Stipulation will remain in full force and effect.

8. That if Plaintiff's bankruptcy is dismissed, converted to Chapter 7 or if Plaintiff fails to receive a non-hardship discharge, this Stipulation be VOID.

9. <u>Entire Agreement</u>.  This Stipulation contains or expressly incorporates by reference the entire agreement of the parties and supersedes all prior negotiations.  This Agreement shall not be modified or amended except by a written instrument executed by all parties.

10. The Parties agree that a facsimile signature shall be considered an original signature.

**IN WITNESS WHEREOF**, and intending to be a legally bound hereby, the parties to the above-captioned action, by their respective attorneys, each of whom has been expressly authorized to enter into this Stipulation of Settlement, set their signatures below.

Dated: February 2, 2022

/s/Mario Hanyon
Mario Hanyon, Esq.
Attorney for Movant

/s/ Albert G. Reese, Jr.
Albert G. Reese, Jr, Esquire
Attorney for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
*Pittsburgh Division*

| | |
|---|---|
| IN RE: Marlene E. Thrower, Debtor | Case No. 20-22601-CMB |
| | Chapter 13 |
| | Adversary Proceeding 21-02060 |
| Marlene E. Thrower, Plaintiff | |
| | Hearing Date: 1/25/2022 |
| | Hearing Time: 10:00 am |
| vs. | |
| The Bank of New York Mellon, f/k/a The Bank of New York as successor to JPMorgan Chase Bank, National Association, as Indenture Trustee for ABFS Mortgage Loan Trust 2001-2, Mortgage-Backed Pass -Through Certificates, Series 2001-2, Defendant | |

**ORDER**

    **AND NOW**, this _____ day of _____, 2022, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

                                                     _____
                                                     Honorable Carlota Bohm
                                                     United States Bankruptcy Judge